IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| In Re:<br><br>WC TEAKWOOD PLAZA, LLC, [1]<br><br>Debtor. | Chapter 11<br><br>Case No. 20-11104 (TMD) |

**8209 BURNET, LP'S LIMITED OBJECTION TO DEBTOR'S MOTION
FOR INTERIM AND FINAL ORDER AUTHORIZING USE OF CASH
COLLATERAL AND PROVIDING ADEQUATE PROTECTION**

8209 Burnet, LP (the "Lender") files this objection ("Objection") to the *Debtor's Motion for Interim and Final Order Authorizing Use of Cash Collateral and Providing Adequate Protection* [Docket No. 31] (the "Motion") and would respectfully show as follows:

### I. BACKGROUND

1. WC Teakwood Plaza, LLC (the "Debtor") owns real property and improvements known as the Teakwood Plaza located at 8201-8209 Burnet Road, Austin, Texas (the "Property").

2. On April 26, 2017, Debtor entered into a certain Loan Agreement (the "Loan Agreement") with First State Bank, Central Texas ("First State"), evidenced by a Real Estate Lien Note dated April 26, 2017 (the "Note"), under which Borrower is obligated to pay the original principal amount of $7,600,000.00 plus interest (the "Loan").

3. On July 2, 2020, BancorpSouth Bank ("Bancorp"), the successor by merger to First State, sent a Demand Letter ("Demand Letter") to Debtor, which stated that the Note was

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is: WC Teakwood, LLC (2363).

#6271043

delinquent and demanded immediate payment of the past due amount on the Note, $96,036.45. If Debtor did not pay this amount by 4:30 p.m. C.S.T. on July 12, 2020, Bancorp stated that it would accelerate the Note and take legal action against the Debtor. Thereafter, on July 23, 2020, Bancorp sent a Notice of Acceleration ("Notice of Acceleration") to Debtor, which notified Debtor that the entire indebtedness owing on the Note, and all interest accrued but unpaid thereon, had been accelerated and was due and payable in full.

4. On August 21, 2020, Bancorp transferred all of its right, title and interest in and to the Loan and the documents that accompanied the Loan to Lender under that certain Assignment of Note and Security Instruments (the "Assignment"). Pursuant to the Assignment, the Lender has a priority, first lien on the Property as security for the Loan made to the Debtor. The Assignment was duly recorded on August 24, 2020 as Instrument Number 2020151969 in the Official Public Records of Travis County, Texas.

5. On October 6, 2020 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. As of the Petition Date, the amount of outstanding principal and interest currently due and owing on the Note is in excess of $7.2 million.

6. On December 7, 2020, the Debtor filed the Motion. In the Motion, the Debtor states that it believes that the Property is currently worth approximately $20 million. Motion ¶ 5. Further, the Motion requests permission (a) to pay "Management Fees" to WCRE Management, LLC,[2] an insider of the Debtor, and (b) to pay the Debtor's financial advisor, Jeffrey Worley, $10,000 on an interim basis. *Id.* ¶ 13, Exhibit B.

---

[2] WCRE Management, LLC is the Debtor's property manager. *See* Dkt. 21, Schedule G.

## II. OBJECTION

7. First, the Lender objects to the valuation of the Property in paragraph 5 of the Motion, as it grossly overstates the value of the Property. The 2019 and 2020 tax assessed values of the Property were $10,511,200.00 and $9.552.001.00, respectively, and an appraisal of the Property performed on May 26, 2020 found the disposition value to be $6,490,000.00. The values stated in these independent appraisals are over $14 million less than the value claimed by Debtor in the Motion. As such, the Lender objects to the Motion to the extent that it dramatically overstates the value of the Property, and thereby Lender's equity cushion (if any). Lender reserves all rights regarding the value of the Property and adequate protection of Lender's cash collateral for the final hearing on the Motion.

8. Second, the Lender objects to the Motion to the extent that it provides $10,000 to the Debtor's financial advisor and $3,405 to WCRE Management, LLC as property manager on an interim basis. The Lender does not object to the Debtor's use of cash collateral on an interim basis for expenses necessary to prevent immediate harm to the Property. In fact, on information and belief, the Debtor's management company has deferred standard upkeep that it now seeks permission to pay, such as security, landscaping, trash removal, and lighting repairs. (See photos attached as **Exhibit A**). Lender desires that these items be remedied so as to protect the property and preserve relationships with the tenants. However, expenses that are not "necessary to avoid immediate and irreparable harm" to the Property should be heard on a final basis, providing the Lender and other parties with adequate notice and time to respond or object. To the extent that other payments are to be made to insiders (such as trash removal), Lender objects to those as well. Payments to insiders and professionals should only be considered as part of a final hearing on the Motion.

### III. PRAYER

9. The Lender respectfully requests that this Court sustain this limited Objection and grant the Lender such further relief to which it may be justly entitled, both at law and in equity.

        Respectfully submitted,

        **BRACEWELL LLP**

        By: */s/ Jason G. Cohen*
            Jason G. Cohen
            Texas Bar No. 24050435
            Christopher L. Dodson
            Texas Bar No. 24050519
            jason.cohen@bracewell.com
            chris.dodson@bracewell.com
            711 Louisiana, Suite 2300
            Houston, Texas 77002
            Telephone: (713) 223-2300
            Facsimile: (713) 221-1212

        **COUNSEL FOR 8209 BURNET, LP**

-5-

## CERTIFICATE OF SERVICE

I certify that, on **December 9, 2020**, a true and correct copy of the foregoing document was served via email on counsel for Debtor.

By: */s/ Jason G. Cohen*
      Jason G. Cohen